36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
IN RE: Bill HERRON, Petitioner.
 No. 94-3319WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 27, 1994.
Filed: September 23, 1994.
 
 Before Morris Sheppard ARNOLD, Circuit Judge, HEANEY and HENLEY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 William L. Herron petitions for a writ of mandamus, seeking, among other things, to have the district court process his notice of interlocutory appeal in his 42 U.S.C. Sec. 1983 action. In the underlying action, Herron v. Wright, No. 93-CV-4571, Herron seeks reassignment from Level I of the prison's Special Management Facility (SMF). Herron raises several claims before this court, all of which relate to his basic contention that prison officials have unlawfully held him in Level I confinement since 1986.
 
 
 2
 When Herron was transferred to Level I in 1986, he brought a similar claim that he had a liberty interest in remaining in Level II and that his reassignment to Level I violated his right to due process. After Herron's case completed a lengthy and circuitous procedural path through the courts, the district court ultimately denied Herron's claim on the merits. This court in a divided panel decision affirmed the district court's conclusion that Herron's transfer was not punitive and was simply a change from less restrictive to more restrictive administrative segregation and did not violate his due process rights. Sanders v. Woodruff, 908 F.2d 310 (8th Cir.), cert. denied, 498 U.S. 987 (1990). The dissent concluded that Herron had a liberty interest in remaining in Level II and that he was denied due process in being reassigned to Level I without cause and without a hearing. Id. at 315 (Heaney, J.).
 
 
 3
 Since this court issued its July 1990 Sanders opinion, Herron has remained in Level I confinement. Herron now claims that his continued Level I confinement and denial of work assignments violate his constitutional rights. Although the district court in an April 7, 1994, order denied Herron preliminary injunctive relief, dismissed certain defendants, and dismissed several of Herron's ancillary claims, the court directed the remaining defendants to answer Herron's claims "that his continued confinement in the SMF, denial of work assignment, and intentional infliction of cruel and unusual punishment violate his federally protected rights." Regarding Herron's request for appointment of counsel, the district court ruled, "At this time, the record has not been developed sufficiently for the Court to determine if appointment of counsel is justified." Thus, the crux of Herron's complaint and the possibility of appointment of counsel remain live issues in the district court, and Herron's attempt to appeal these matters is premature. If the district court reaches a final judgment adverse to Herron, he may appeal at that time.
 
 
 4
 Accordingly, we deny Herron's petition for a writ of mandamus.